■ In the Matter of the Claim of STEPHEN X. RUQUS, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 873] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 1995, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

As a result of claimant's affiliation with a business owned and operated by his wife, the Board found claimant ineligible to receive unemployment insurance benefits because he was not totally unemployed. The Board further charged claimant with a recoverable overpayment of benefits and reduced his right to receive future benefits on the basis that he willfully made false statements. Claimant appeals from the Board's decision, arguing that the activities which he performed on behalf of his wife's business were minimal and did not render him ineligible to receive unemployment insurance benefits. Based upon our review of the record, we find this argument to be unpersuasive.

Claimant stated that he and his wife started a business known as Chip's Diner in the late 1970s and that his wife filed

a certificate of doing business in 1989 transferring the business into her own name. He stated that the transfer was done on the advice of his accountant who recommended it if claimant wished to qualify for unemployment insurance benefits. Claimant stated that after the transfer, the only activity he performed on behalf of the business was occasionally opening the diner for business in the morning twice a week for approximately an hour. He admitted, however, that he jointly owned the property where the diner was located with his wife, that he was a signatory to the business checking account and that the business liability insurance was issued jointly. He further stated that he did not provide this information to the local unemployment insurance office because he was not receiving compensation. In view of the foregoing, we find that substantial evidence supports the Board's decision that claimant was not totally unemployed and that he made willfully false statements to obtain benefits (see, Matter of Goldman [Hudacs], 196 AD2d 927; Matter of Gross [Hudacs], 195 AD2d 742).

Mikoll, J. P., Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.